DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, James Modon, appeals from a judgment of the Medina County Court of Common Pleas that granted summary judgment to Appellee Ohio Edison Company ("Ohio Edison") on his personal injury action.[1] We affirm.
On January 24, 1997, Modon, the owner and operator of JM Towing, received a call from the highway patrol to tow a vehicle from the scene of a one-car accident in Liverpool Township. It was one of several tows that Modon would make that day, for the weather had developed into a mixture of rain and snow and driving conditions were not good. When Modon arrived at the scene, he discovered "a lot of debris" scattered around. Apparently, the vehicle collided with several items, including a utility pole and its guide wire, before coming to a stop off the side of the road. The driver of the vehicle, Christopher Cleveland, had been taken from the scene and highway patrol and rescue workers were gone. Modon saw an Ohio Edison worker, who left shortly thereafter without speaking to Modon.
Modon set to work cleaning up the debris and preparing the vehicle for towing. He wore cotton gloves and, although he noticed that the car was wet, he did not realize that it was covered with oil. Unbeknownst to Modon, the vehicle had been moved away from the utility pole before he arrived because a transformer mounted on the pole was leaking transformer oil onto the vehicle.
The next day, Christopher Cleveland and his father came to Modon's garage to assess the damage to the vehicle and to retrieve personal possessions. As Modon opened a door of the vehicle, the Clevelands asked him why he was touching the car. They explained to Modon, for the first time, that transformer oil had leaked onto the vehicle after the accident and that they had been led to believe that it was potentially hazardous.
During the days following the accident, Modon developed respiratory problems, headaches, and an acne-like rash on his back, shoulders, and neck. Modon brought this action against Cleveland and Ohio Edison, owner of the transformer and utility pole, seeking compensation for the injuries he had allegedly sustained due to his exposure to the transformer oil. Both defendants moved for, and were granted, summary judgment. Modon appeals and assigns two errors.
Modon's first assignment of error is really a subpart of his second and will be merged accordingly. Modon's singular merged assignment of error is that the trial court improperly granted summary judgment to Ohio Edison. In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. Perkins v. Lavin (1994),98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. "Doubts must be resolved in favor of the nonmoving party." Hortonv. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686.
A party seeking summary judgment must not only state the specific basis for its motion, but must also point to portions of the record that demonstrate its argument. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 296. It must support its argument with "some evidence of the type listed in Civ.R. 56(C)." Id. at 293. If the moving party satisfies its intial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Id.
Ohio Edison moved for summary judgment asserting, among other things, that Modon could not prove a causal connection between his exposure to transformer oil and his alleged injuries, which included headaches, respiratory problems, and an acne-like rash. Ohio Edison supported its position with the affidavit of an expert on chemical toxicology. After reviewing some of the evidentiary materials in this case (including Modon's medical records and an analysis of oil from the damaged transformer) as well as professional toxicology literature, the expert opined that there was nothing to connect Modon's alleged injuries with his exposure to the transformer oil. This evidence was sufficient to shift the burden to Modon to point to evidence of a causal connection between the exposure and his alleged injuries.
Modon responded in opposition to summary judgment and attached numerous documents as evidentiary support, including documents purporting to be his medical records and Ohio Edison Miscellaneous Incident Reports. Because these documents were not proper evidence under Civ.R. 56(C), and the trial court refused to consider them, Modon failed to meet his burden on summary judgment.
Civ.R. 56(C) controls the materials that the court may consider when it determines whether summary judgment is appropriate. "The rule directs the court to consider only `the pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action.'" Bowmer v. Dettelbach (1996), 109 Ohio App.3d 680,684. Bowmer v. Dettelbach (1996), 109 Ohio App.3d 680, 684. Documents do not constitute proper evidence under Civ.R. 56(C), unless they are accompanied by a personal certification that they are genuine or are incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). Id. A proper affidavit under Civ.R. 56(E) must, among other things, be based on personal knowledge. "Personal knowledge" has been defined as "knowledge of factual truth which does not depend on outside information or hearsay." Wall v. Firelands Radiology, Inc. (1995), 106 Ohio App.3d 313,335.
Modon attempted to certify the genuineness of his documents by submitting his attorney's affidavit which states that the documents were accurate copies of the originals. Although the attorney may have had personal knowledge that the documents had been photocopied, he did not certify that any of the documents were what they purported to be. The attorney likely had no personal knowledge of whether any of these documents were truthful and genuine. See Johnston v. Great Lakes Construction Co. (Feb. 28, 1996), Lorain App. No. 95CA006111, unreported, at 5.
Thus, Modon's evidence failed to satisfy the requirements of Civ.R. 56(C). Such documents have no evidentiary value and should not be considered by the court in deciding whether summary judgment is appropriate. "No evidence or stipulation may be considered except as stated in this rule." Civ.R. 56(C). However, "[w]here the opposing party fails to object to the admissibility of the evidence under Civ.R. 56, however, the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate." Bowmer, supra.
No objections were raised to the admissibility of the documents submitted by Modon. Therefore, the trial court was permitted to consider the evidence. It is apparent from the trial court's decision, however, that it did not consider the defective evidence. The trial court explicitly stated in its judgment entry that its decision was "[b]ased upon the evidence allowed pursuant to Civil Rule 56[C]." Because Modon's evidence did not comply with Civ.R. 56(C) and the trial court did not consider it, the court had no evidence before it to rebut Ohio Edison's threshold showing that there was no causal connection between Modon's exposure to transformer oil and his alleged injuries. Therefore, summary judgment was properly granted to Ohio Edison. The assignment of error is overruled.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
EDWARD J. MAHONEY, FOR THE COURT
BAIRD, P.J. and SLABY, J. CONCUR
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)
[1] The trial court also granted summary judgment to another defendant but Modon has not assigned error to that aspect of the judgment.